UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER, | Case No.  23-cv-00323-TLT |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| E. BEAM, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, filed a *pro se* complaint against two Salinas Valley State Prison (SVSP) officials under 42 U.S.C. § 1983 regarding program modifications.  ECF 1.  The Court dismissed plaintiff's complaint with leave to amend.  ECF 9.  Plaintiff's amended complaint is now before the Court for screening pursuant to pursuant to 28 U.S.C. § 1915A.  For the reasons identified below, the complaint is dismissed.

## DISCUSSION

### A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not

1   necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

2   grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

3   While Rule 8 does not require detailed factual allegations, it demands more than an unadorned,

4   the-defendant-unlawfully-harmed-me accusation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

5   A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a

6   cause of action, or naked assertions devoid of further factual enhancement does not suffice.  *Id.*

7          To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

8   that a right secured by the Constitution or laws of the United States was violated, and (2) that the

9   alleged violation was committed by a person acting under the color of state law.  *See West v.*

10   *Atkins*, 487 U.S. 42, 48 (1988).

11          **B.       Plaintiff's First Amended Complaint**

12          Plaintiff's amended complaint names as defendants former captain (now lieutenant) Beam

13   and Warden T. Allan and alleges that "In March 2022 Facility A program was shut down we were

14   on PSR restricted program w/ no showers no phone calls. I wasn't allowed to shower or make

15   phone calls unless I caused trouble. Then I was let out either on time, late, or not at all. But if and

16   when I was let out my cell I was ordered to go directly to inmate telephones or I'd be pepper

17   sprayed or written up . . . for failure to follow a direct order."  ECF 9 at 2-3.  Plaintiff states "this

18   denial was the entire period from 3-29-2022 until 4-15-2022 when I ended up going on crisis bed/

19   suicide watch on or around 4-7 or 4-10-2022 for 2-8 days."  *Id.* at 3.  She seeks compensatory

20   damages of $2 million to $9 million dollars or for the defendants to be fired.  *Id.*

21          Plaintiff attaches an Office of Grievances Decision explaining that Facility A was placed

22   on a 24-hour Threat Assessment program modification on March 29, 2022 because 19 prisoners

23   had overdosed within ten days, after which it was placed on a PSR with modified program

24   activities from March 30 through April 8.  *Id.* at 10.  The Decision also states that SVSP

25   "continues to struggle with having sufficient staffing to provide full program."  *Id.* at 11.

26          Even if defendants completely prevented plaintiff from showering or making phone calls

27   for the 11 days of modified program on a one-time basis, it appears that there was an emergent

28   situation in Facility A involving widespread drug overdoses and that defendants modified

programming in order to attempt to prevent additional overdoses. Plaintiff cannot state an Eighth Amendment claim based on an 11-day denial during a state of emergency. *See*, *e.g.*, *Hayward v. Procunier*, 629 F.2d 599, 603 (9th Cir. 1980) (upholding district court determination that temporary lockdown restrictions in light of emergency did not cross Eighth Amendment line). "[P]rison officials must meet Eighth Amendment standards in providing basic human needs to prisoners. However, when a genuine emergency exists, prison officials may be more restrictive than they otherwise may be, and certain services may be suspended temporarily. The more basic the particular need, the shorter the time it can be withheld." *Hoptowit v. Ray*, 682 F.2d 1237, 1259 (9th Cir. 1982), overruled on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995). One shower per week on an ongoing basis has been found to be constitutionally sufficient; so too would be a slightly longer denial once on an emergency basis. *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988), *cert. denied*, 488 U.S. 908 (1988).

## CONCLUSION

For the foregoing reasons, the case is DISMISSED for failure to state a claim upon which relief may be granted. The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  December 11, 2023

TRINA L. THOMPSON
United States District Judge

United States District Court
Northern District of California